Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Dorothy Kunz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY KUNZ<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. TCPA, 47 U.S.C. § 227<br>　2. RFDCPA, Cal. Civ. Code § 1788<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

　　Plaintiff, Dorothy Kunz ("Plaintiff"), through her attorneys, alleges the following against Defendant, Ctitbank, N.A., ("Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Alhambra, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a banking institution with its headquarters located in Sioux Falls, South Dakota. Defendant can be served with process at 701 East 60th Street, North Sioux Falls, SD 57104.

9. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

13. In or around October 2015, Defendant began placing calls to Plaintiff's cellular phone number (626) 284-2072, in an attempt to collect an alleged debt.

14. Upon information and belief, the calls mainly originated from (816) 420-4632, (877) 437-1985, and (423) 477-2488; these numbers are owned or operated by Defendant.

15. On or about November 2, 2015 at 3:56 P.M., Plaintiff answered a call from Defendant originating from telephone number (816) 420-4632; Plaintiff heard a short pause before a collection agent named "Bernard" began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that he was calling in an attempt to collect a debt. During this phone call, Plaintiff unequivocally revoked consent to be contacted on her cellular phone any further.

17. On or about November 14, 2015 at 1:30 P.M., Plaintiff, again, answered a phone call from Defendant originating from telephone number (816) 420-4632 and spoke to a representative named "Sherie."

18. During that phone call, Plaintiff, for the second time, revoked consent to be called on her cellular phone.

19. On or about November 21, 2015 at 3:18 P.M., Plaintiff answered another phone call from Defendant originating from telephone number (816) 420-4632 and revoked consent to be contacted on her cellular phone for a third time.

20. On or about January 10, 2016 at 11:13 A.M., Plaintiff answered a phone call from Defendant originating from telephone number (816) 420-4632 and spoke to a representative named "Breanna." Plaintiff, for the fourth time in two months, revoked consent to be contacted on her cellular phone.

21. On or about February 4, 2016 at 7:46 P.M. Plaintiff received a call from Defendant originating from telephone number (877) 437-1985 and revoked consent to be contacted on her cellular phone for the fifth time.

22. The very next day, February 5, 2016, Defendant called Plaintiff's cellular phone four (4) times at 8:23 A.M., 11:45 A.M., 2:47 P.M., and 6:19 P.M.

23. On or about February 8, 2016 at 12:00 P.M. Plaintiff received a call from Defendant originating from telephone number (423) 477-2488 and revoked consent to be contacted on her cellular phone for the sixth time.

24. Between February 8, 2016, the date of Plaintiff's sixth revocation, and the end of the month, Defendant called Plaintiff's cellular phone no less than sixty-five (65) times.

25. During the month of March 2016, Defendant called Plaintiff no less than forty-one (41) times on her cellular phone.

26. During the month of April 2016, Defendant called Plaintiff no less than fifty-three (53) times.

27. Plaintiff, since the calls from Defendant began in October 2015, has revoked consent to be called on her cellular phone no less than six (6) times.

28. Between November 2, 2015 and May 5, 2016, Defendant has contacted Plaintiff on her cellular phone no less than two hundred and sixty (260) times.

29. The constant phone calls from Defendant caused Plaintiff emotional distress as the phone often rang multiple times a day.

30. The constant phone calls caused Plaintiff to have severe anxiety which made it difficult for her to sleep at night.

31. The phone calls caused Plaintiff to suffer headaches and increased blood pressure.

32. The daily calls affected Plaintiff's ability to concentrate on daily tasks.

33. The daily calls caused Plaintiff to eat less, feel nauseous, and lose weight.

34. The aggressive and harassing nature of the calls made it difficult for Plaintiff to use her cellular phone without being worried about the calls or what might happen to her because of the debt.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

38. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

39. Defendant violated the Rosenthal Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b) Defendant violated Cal. Civ. Code § 1788.11(e) by "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances."

40. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dorothy Kunz, respectfully requests judgment be entered against Defendant, Citibank N.A., for the following:

   A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 16th day of January, 2017.

PRICE LAW GROUP, APC

By:/s/ Stuart Price
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff
Dorothy Kunz